MATTER OF D'O——

In DEPORTATION Proceedings

A-2463542

Decided by Board December 17, 1958

Deportability—Exemption under section 7, Act of September 11, 1957—"Otherwise admissible" requirement not met where, apart from misrepresentation, alien was not nonquota as specified in visa.

Native of Italy who fraudulently obtained nonquota immigrant visa by posing as native of Argentina is not entitled to exemption from deportability under first sentence of section 7, Act of September 11, 1957, since, apart from her misrepresentations, she was not "otherwise admissible" at time of entry in that she was not a nonquota immigrant as specified in her visa.

CHARGES:

Warrant: Act of 1924—Visa invalid because procured by fraud.
Act of 1924—Quota immigrant, not in possession of quota immigration visa.
Act of 1917—Admits commission, prior to entry, of perjury and forgery.

BEFORE THE BOARD

Discussion: Respondent, a 50-year-old married female, is a native and national of Italy. Her only entry occurred in 1925 when she was admitted for permanent residence upon presentation of a nonquota immigrant visa. This visa was obtained upon the respondent's representation that she was one A——G——D——, a native of Argentina. The history of the proceedings has been recited by the special inquiry officer and need not be repeated.

The special inquiry officer decided that the respondent's deportation could not be terminated under the provisions of the first sentence of section 7 of Public Law 85–316, Act of September 11, 1957. We agree with the special inquiry officer in this conclusion although our reasoning differs from his. If the existence of the misrepresentation is disregarded, the fact remains that respondent had been ineligible to enter the United States because she was not a nonquota immigrant as the law required her to be if she attempted to enter with a nonquota visa. Section 7 excuses the presence of fraud. It does not wipe out the existence of *all* other grounds of inadmissi-

215

bility which may have been present. Section 7 also excuses the fact that an alien had been charged to the wrong quota. This was meant to take care of the refugees such as those who had stated that they were born elsewhere than in Russia in order to avoid repatriation to Russia, and had thus been charged to the quota of the country where they had falsely claimed birth. There is nothing in the history of the legislation which indicates that it was the intention of Congress to remove the careful protection which had been built into the immigration laws regarding quotas. To come within the provisions of that portion of section 7 relating to a charge to the wrong quota, such charge must be the very one involved in the alien's case. It follows from what we have said that the first sentence of section 7 does not require termination of this proceeding.

Deportation proceedings cannot be terminated under the provisions of the first part of section 7 of Public Law 85–316. However, the respondent appears eligible for relief under the provisions of the last sentence of section 7 and under the provisions of section 5 of Public Law 85–316. The special inquiry officer is of the opinion that the respondent may prosecute an application for such relief outside the United States or in preexamination proceedings.

**Order:** It is ordered that the decision of the special inquiry officer be approved.